**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MOHAMED ADOW HUSSEIN,

Petitioner,

v.

JEREMY CASEY, *et al.*,

Respondents.

Case No. 26-cv-01417-BAS-DEB

**ORDER:**

**(1) GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 8); AND**

**(2) VACATING HEARING**

Petitioner Mohamed Adow Hussein filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241, claiming his prolonged 15-month mandatory detention violates his due process rights. (ECF No. 8.) Petitioner additionally argues that the local Immigration Judges are so compromised that this Court should either release Petitioner immediately or should hold the bond hearing itself. (*Id.*) The Government responded to the Petition, conceding that Petitioner's detention has been arbitrarily and unreasonably prolonged and thus "this Court should order that Petitioner receive a bond hearing where the Government would bear the burden of proof establishing by clear and convincing evidence that

- 1 -

26cv1417

Petitioner poses a danger to the community or a risk of flight." (ECF No. 10.)  However, the Government "vigorously rejects" the argument that local Immigration Judges are so compromised that this Court should grant immediate release or micromanage the bond hearing. (*Id.*)

For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within ten days.  To the extent Petitioner requests immediate release or that this Court conduct the bond hearing, the Court denies the request, agreeing with the Government that such a ruling would severely undermine administrative exhaustion principles.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## III.    ANALYSIS

Both parties agree that Petitioner's 15-month detention has been arbitrarily and unreasonably prolonged. (ECF Nos. 8, 10.)  Petitioner claims his immigration proceedings have been repeatedly continued because of the failure of the Department of Homeland Security ("DHS") to obtain the proper Somali interpreter. (ECF No. 8.)  Both parties agree that Petitioner's due process rights have been violated and, thus, he is entitled to a bond hearing where the Government has the burden of proof by clear and convincing evidence to establish that Petitioner is either a risk of flight or a danger to the community.  (ECF Nos. 8, 10.)  Because of the Government's concession, the Court **GRANTS** the Amended Petition.

26cv1417

However, the Court finds that insufficient evidence has been presented to show that Petitioner cannot get a fair hearing before any local Immigration Judge.

**IV.   CONCLUSION**

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Mohamed Adow Hussein (A# 249-140-601) within ten days of the date of this Order.  At that hearing, the Government has the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight such that no bond would be appropriate.  Concern about interrupting court schedules is not a ground to deny bond.  If Petitioner is granted bond, then Respondents are prohibited from invoking the automatic stay procedure for bond appeals to the Board of Immigration Appeals.

Further, the Clerk of Court shall **VACATE** the hearing set for April 17, 2026, at 9:00 a.m.  The Clerk shall also close the case.

**IT IS SO ORDERED.**

**DATED: April 2, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv1417